UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-22509-CIV-LOUIS

MAYRA MARRERO,

    Plaintiff,

v.

ANDREW M. SAUL,
Acting Commissioner of Social Security
Administration,

    Defendant.
_____/

## ORDER

**THIS MATTER** comes before the Court on Plaintiff's Unopposed Petition for Award of Attorney Fees Under 42 U.S.C. § 406(b) (ECF No. 19). Plaintiff seeks $24,186.00 as a reasonable contingent attorney fee to be taken out of past due Social Security insurance benefits payable to Plaintiff. The Court has reviewed the Petition is otherwise fully advised.

    **I.**    **BACKGROUND**

Plaintiff is the prevailing party in this litigation, as the Court has remanded this case to the Commissioner of Social Security for further proceedings (ECF No. 16). Plaintiff filed an unopposed petition for attorney fees (ECF No. 16) pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA"). The petition, which sought fees in the amount of $6,814.08 and costs in the amount of $400.00 for the filing fee, was granted by the Court (ECF No. 18). More than a year later, a Notice of Award was issued by the Commissioner of Social Security which stated that Plaintiff was entitled to $75,882.50 in retroactive benefits (ECF No. 19-3). Plaintiff then filed the instant Unopposed Petition for Award of Attorney Fees Under 42 U.S.C. § 406(b) (ECF No. 19).

1

**II.     DISCUSSION**

Section 406(b) (1)(A) provides that "[w]henever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . ." Attorney fees awarded under § 406(b) are payable "out of, and not in addition to, the amount of [the] past due benefits." *Id*. "Fees awarded pursuant to § 406(a) and § 406(b) are awarded in addition to any attorney's fees a claimant's counsel may receive pursuant to the EAJA if the Commissioner's position before the Court was not "substantially justified." *Sterling v. Astrue*, No. 09-60337-CIV, 2010 WL 3658994, at *2 (S.D. Fla. Aug. 19, 2010), *report and recommendation adopted*, No. 09-60337-CV, 2010 WL 3658943 (S.D. Fla. Sept. 15, 2010) (citation omitted). However, "[i]n order to avoid a double recovery of attorney's fees, a claimant's counsel who is awarded attorney's fees under § 406(b) and the EAJA must refund the lesser amount to his client." *Id*.; *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 796, 122 S. Ct. 1817, 1822, 152 L. Ed. 2d 996 (2002) ("Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must refun[d] to the claimant the amount of the smaller fee.") (citation omitted).

In determining the reasonableness of attorney fees under the Social Security Act, the Supreme Court had found that:

> § 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases . . . Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.

2

*Gisbrecht*, 535 U.S. at 806-807. Here, Plaintiff entered into a fee agreement with her counsel that provided: "If an unfavorable or partially unfavorable decision is rendered, and an appeal to the Appeals Council and/or District Court is filed, the total fee resulting from a subsequent favorable, or partially favorable decision will be equivalent of 25% of all retroactive benefits obtained for me and/or my family" (ECF No. 19-1). The instant Motion seeks $24,186.00, which amounts to 25% of the awarded retroactive benefits. The Motion further consents to refunding $6,814,08 in fees previously awarded under the EAJA (*id.*). Thus, the actual amount of the 406(b) fee, after the refund of the EAJA fee, would be $17,371.92, which represents 22.89% of the total benefits awarded (*id.*). The Court finds these fees reasonable. Plaintiff's claim was initially denied at the administrative level, and Plaintiff's attorney successfully appealed to this Court, obtained a remand, and then secured substantial past due benefits for Plaintiff. Furthermore, Defendant does not object to these fees. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Petition for Award of Attorney Fees Under 42 U.S.C. § 406(b) (ECF No. 19) is **GRANTED.** Plaintiff's attorneys shall be awarded the sum of $24,186.00 in attorney fees, for which sums let execution issue. Upon receipt, counsel must refund Plaintiff $6,814.08 for fees previously awarded under the EAJA.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 5th day of November, 2020.

_____
**LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE**